**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT J. SIMMONS, II,

Plaintiff,

- v -

Civ. No. 1:10-CV-1386 (GLS/RFT)

GEORGE BARNA; ELGIN MANAGEMENT,

Defendants.

**APPEARANCES:** **OF COUNSEL:**

ROBERT J. SIMMONS, II
Plaintiff, *Pro Se*
35 South Main Street
P.O. Box 414
Castleton, New York 12033

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a civil rights Complaint filed by *pro se* Plaintiff Robert J. Simmons, II. Dkt. No. 1, Compl. Simmons has also filed a Motion to Proceed *In Forma Pauperis*. Dkt. No. 2.

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Turning first to Simmons's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

In his brief *pro se* Complaint, Plaintiff complains of an altercation he had with his landlord, whom he believes has violated his constitutional rights and seeks redress through 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

Plaintiff's § 1983 action is problematic on multiple fronts. First, he fails to state a cognizable cause of action for which relief can be granted. Though he generally asserts his civil/constitutional rights have been violated, he fails to specify the nature of such right. Instead, he merely asserts he is the victim of a hate crime. The second infirmity with the Complaint is the fact that neither of the named Defendants act under color of state law. It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL

R F T

743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted). There is no allegation that Defendants acted under color of state law with regard to the rent dispute.

In this regard, it appears that § 1983 is not the proper vehicle for Plaintiff to seek judicial review of the claims herein. Accordingly, to the extent Plaintiff is seeking to remedy some constitutional violation, his Complaint fails to state a cause of action to which relief can be provided and should therefore be **dismissed**.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date: December 21, 2010
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

R

F

T